UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE LORENZO MACARIO SUY,

      Petitioner,

    v.

MICHAEL BALL, *in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*, et al.,

      Respondents.

**DECISION AND ORDER**

1:26-CV-01192-EAW

Petitioner Jose Lorenzo Macario Suy ("Petitioner") is a civil immigration detainee alleging that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). On June 10, 2026, he filed a petition seeking relief under 28 U.S.C. § 2241 (*id.*) and also filed a motion for a temporary restraining order (Dkt. 2) to enjoin his transfer from the Western District of New York. At the time his petition was filed on June 10, 2026, Petitioner was being held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. (Dkt. 1 at ¶ 17).

Almost immediately after being assigned the case, on June 11, 2026, the Court entered a Text Order directing Respondents to show cause on or before June 17, 2026, as to why the Court should not grant Petitioner a bond hearing consistent with the

requirements of the Second Circuit's decision in *da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), and certain decisions issued by the undersigned. (Dkt. 5).   The Court also temporarily restrained Respondents from transferring Petitioner outside this District pending resolution of the petition.  (*Id.*).

Counsel for Respondents informed the Court that at the time the Court's restraining order was entered, Petitioner had left the BFDF and was in transit to a detention facility in the Fifth Circuit.  The Court issued an order to show cause scheduling a hearing to address whether a remedy was warranted.  (Dkt. 6).  Respondents filed a response to the Court's June 11 Text Order, acknowledging that *da Cunha* requires the Court to grant the petition, but also arguing that the burden of proof at any bond hearing should be on Petitioner.  (Dkt. 8 at 1-2).

The show cause hearing was held on June 17, 2026, and counsel for both parties appeared.  (Dkt. 11).  At the hearing, it was confirmed that Petitioner had received a bond hearing at BFDF prior to his transfer, at which the burden of proof was on Petitioner.[1]  After hearing argument, the Court directed Respondents to arrange for Petitioner's return to this District and that he be provided a bond hearing in accordance with certain procedures directed by the Court.[2]  As explained in greater detail in the Decision and Order issued in *Nany v. Blanche et al.*, No. 1:26-CV-01187-EAW, 2026 WL 1842635 (W.D.N.Y. June 26,

---

[1]     The Court directed Respondents to provide the written transcript from that bond hearing, which they have done.  (Dkt. 12).

[2]     By letter dated June 23, 2026, Respondents confirmed that Petitioner has been returned to the District.  (Dkt. 13).

2026), involving a similarly situated petitioner, Petitioner's return to this District is warranted because his presence will assist with resolution of the issues raised by the petition, it will provide easier access to counsel and the Court, it will ensure that Second Circuit standards are applied to this proceeding, and at the time the Court's restraining order was entered Petitioner had just left the BFDF.  Thus, as previously directed, Respondents are directed to return Petitioner to the Western District of New York.

Furthermore, the petition is granted to the extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1.    Petitioner shall be granted a bond hearing before an immigration judge on or before July 1, 2026.  If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2.    After considering the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the government shall have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.  *See Nany,* 2026 WL 1842635, at *4 (Court's analysis of *Mathews* factors under similar circumstances to this case, which applies equally here); *see also Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at *4-6 (W.D.N.Y. Nov. 26, 2025) (same).  In deciding whether the government has met its burden of proof, the IJ must consider whether less restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5. Respondents are directed to file a status update with the Court on or before July 2, 2026.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    June 29, 2026
          Rochester, New York